FILED
SEP - 8 2006
SEP. 8, 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

PETER SEDAT
15147 S. Geoffrey
Oak Forest, IL 60452

06CV4877
JUDGE GUZMAN
MAGISTRATE JUDGE VALDEZ

Plaintiff

vs.

NATIONAL RAILROAD
PASSENGER CORPORATION
210 S. Canal Street
Chicago, IL 60606

Defendant

JURY TRIAL DEMANDED

NO.

## COMPLAINT

1. The Plaintiff, Peter Sedat, is a competent adult individual residing at 15147 S. Geoffrey, Oak Forest, Illinois 60452.

2. The Defendant, National Railroad Passenger Corporation is a corporation organized and existing under the laws of the District of Columbia, doing business at and whose address for service of process is 210 S. Canal Street, Chicago, Illinois 60606.

3. This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §§51-60; the Federal Safety Appliance Acts, 45 U.S.C. §§1-16; and the Boiler Inspection Acts, 45 U.S.C.§§22-34.

4. At all times material hereto, the Defendant, National Railroad Passenger Corporation, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Illinois and other states of the United States.

5. At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff was done by the Defendant, its agents, servants,

workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6. At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroad and was acting in the scope of his employment by the Defendant and was engaged in the furtherance of interstate commerce within the meaning of the FELA.

7. All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendant, its agents, servants, workmen and/or employees.

8. The Plaintiff has been employed by the Defendant from November 1975 through and including the present as an electrician/supervisor, and, while working within the scope of his employment at the 16th Street Yard, in Chicago, Illinois was exposed to excessive and harmful cumulative trauma to his knees due to repetitive crawling, climbing in/out of rail cars and walking on ballast, with which he performed his work for the Defendant.

9. Less than three years before this action was filed, Plaintiff discovered that he suffered from occupational injuries as a result of repetitive occupational trauma to his knees, which required arthroscopic surgery and partial right knee replacement, and until such time, Plaintiff was reasonably ignorant as to same.

10. The injuries and disabilities of the Plaintiff were caused and/or contributed to by the exposure to excessive repetitive trauma to his knees while working for the Defendant.

11. The aforesaid injuries were caused and/or contributed to in whole or in part by the negligence, carelessness and recklessness of the Defendant, its agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

(a) in failing to provide the Plaintiff with a safe place to work as required by the Federal Employers Liability Act, 45 U.S.C. §§51-60;

(b) in failing to provide Plaintiff with timely and adequate ergonomics program to prevent repetitive trauma to his knees;

(c) in failing to provide Plaintiff with adequate assistance to safely perform his assigned task.

(d) in failing to provide Plaintiff with adequate equipment to safely perform his assigned task.

(e) in failing to periodically test employees such as the Plaintiff for physical effects of repetitive trauma to the knees; and failing to take appropriate action, including advising Plaintiff as to the test results;

(f) in failing to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which they were exposed in working with and around repetitive trauma to his knees;

(g) in negligently requiring and/or allowing the Plaintiff to be exposed to unsafe levels of repetitive trauma to his knees when it knew of the risks thereof;

(h) in negligently failing to inspect or monitor the occupational repetitive trauma in the job duties where the Plaintiff was required to work;

(i) in negligently failing to warn Plaintiff of the risk of repetitive trauma injuries as a result of exposure to repetitive occupational trauma to the knees;

(j) in negligently failing to provide the Plaintiff with protective equipment designed to protect him from repetitive trauma injuries as a result of exposure to repetitive occupational trauma to the knees;

(k) in negligently failing to employ safe working practices;

(l) in negligently failing to promulgate, issue, circulate and/or enforce adequate safety rules regarding avoiding repetitive trauma injuries, especially those to the knees;

(m) in negligently failing to modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the cumulative traumas to which the Plaintiff would be exposed.

(n) in negligently failing to make reasonable efforts to ascertain the risks and hazards of repetitive trauma and repetitive trauma disorders;

(o) in negligently failing to monitor the Plaintiff's work habits to determine if his work activities placed him at risk of suffering a repetitive trauma injury; and,

(p) in negligently failing to use due care and caution required under the circumstances.

12. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which caused substantial financial loss, wage loss, loss of future earning capacity, all of which may and probably will continue in the future.

13. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

14. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

15. As a direct result of the Defendant, its agents, servants, workmen and/or employees the Plaintiff has sustained permanent injury to his knees.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount in excess of ONE HUNDRED THOUSAND DOLLARS, ($100,000.00).

Plaintiff demands trial by jury.

HANNON & PALERMO

Dated: September 7, 2006     BY: _____
GREGORY JOHN HANNON, ESQ.
The Public Ledger Bldg. - Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(888) 222-3352
Attorney for Plaintiff

DICKER & DICKER

Dated: September 7, 2006     BY: _____
STEVEN M. DICKER, ESQ. #52742
300 W. Adams Street
Suite 330
Chicago, IL 60606
(312) 853-3485
Local Counsel for Plaintiff